**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1152
_____

JOHN DALE PREACHER,
Appellant

v.

MICHAEL D. OVERMYER; DEREK F. OBERLANDER;
ERNESTO J. MONGELLUZO; ERIN IRELAND; P.A. ENNIS;
CAPTAIN C. CARTER; LIEUTENANT DAVIS; LIEUTENANT DICKEY;
BRUCE SIMON; MATHEW J. BLICHA; SHARON PRICE;
LIEUTENANT HEFFERNAN; KATHLEEN HILL; KEVIN C. COWAN;
SGT. J.H. CULVER; LT. R. WONDERLING; SGT. S. FREDERICKSON;
C.O. B.J. LONG; C.O. B.J. BODDORF; C.O. C.J. FREY;
C.O. SMALLS; C.O. BARNES; C.O. R.P. SMITH; C.O. J.D. REDDICK;
C.O. M. BOOHER; C.O. G.W. HILER; C.O. WEISS;
C.O. J.E. COLEMAN; C.O. FARCUS; KEVIN R. DITTMAN;
CFSI L. WHISNER; SGT. M. GILARA; CRAIG HASPER;
C.O. TERMINE; HOLLOWAY, Correctional Food Service

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-17-cv-00018)
Magistrate Judge:  Honorable Richard A. Lanzillo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 17, 2021

Before: MCKEE[*], SHWARTZ and RESTREPO, Circuit Judges

(Opinion filed: May 19, 2023)

_____

[*] Judge McKee assumed senior status on October 21, 2022.

_____

OPINION[*]

_____

PER CURIAM

Pro se appellant John Dale Preacher appeals from the District Court's order granting summary judgment to the defendants in this civil rights case. We will affirm the District Court's order in part, vacate in part, and remand for proceedings consistent with this opinion.

I.

Preacher is a Pennsylvania prisoner who was formerly incarcerated at the State Correctional Institution at Forest, Pennsylvania (SCI-Forest). In January 2017, Preacher commenced an action pursuant to 42 U.S.C. § 1983 against thirty-five employees of the Pennsylvania Department of Corrections. In his amended complaint, Preacher claimed that the defendants violated his rights under the First, Eighth, and Fourteenth Amendments at various times between May 2015 and October 2016.

Following discovery, the defendants moved for summary judgment. The District Court, acting through a Magistrate Judge on the parties' consent, granted the motion on the grounds that: Preacher failed to exhaust certain claims as required by the Prison Litigation Reform Act; some of his claims were not premised on sufficient personal

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

involvement under 42 U.S.C. § 1983; and the remaining claims failed as a matter of law. Preacher appeals.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's summary judgment ruling. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the nonmoving party to "come forward with specific facts" showing that there is a genuine issue for trial. See Santini v. Fuentes, 795 F.3d 410, 416 (3d Cir. 2015) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

## III.

## A.

Preacher's primary argument on appeal concerns a "food incident" that took place

on March 28, 2016.[1]  Preacher contends that on that date, Corrections Officer Long intentionally placed rusted metal objects in Preacher's macaroni and cheese in retaliation for his filing prior grievances.  Preacher unknowingly bit down on the objects and injured himself.  Based on this incident, Preacher asserted a First Amendment retaliation claim and an Eighth Amendment conditions-of-confinement claim.

We address the District Court's disposition of the retaliation claim first.  In order to survive summary judgment on this claim, Preacher was required to put forth evidence from which it could be inferred that, inter alia, "he suffered an adverse action at the hands of the prison officials."  Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (quotation marks omitted).  In granting summary judgment to the defendants on this claim, the District Court determined that Preacher failed to meet his burden because he had not presented any evidence that Officer Long introduced the rusted metal objects into Preacher's food.

In doing so, the District Court failed to address Preacher's statement in his declaration that when Officer Long handed him his food tray, the officer said, "you['re] in the corner now where the camera can't see . . . enjoy your last meal bitch boy."  Aff. 10, ECF No. 103-1.  This statement created a genuine issue for trial as to whether Officer Long tampered with Preacher's meal.  See Marino v. Indus. Crating Co., 358 F.3d 241,

---

[1] In the District Court, Preacher raised numerous additional claims.  We will address only those claims that Preacher properly raised in his opening brief, for an issue is forfeited "unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court."  Skretvedt v. E.I. DuPont De Nemours, 372 F.3d 193, 202–03 (3d Cir. 2004) (quoting Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994)).

4

247 (3d Cir. 2004) ("[I]n considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence is to be believed[,] and all justifiable inferences are to be drawn in his favor." (internal quotations omitted)).  While Preacher did not submit any other corroborating evidence in support of his declaration, an affidavit is "about the best that can be expected from [a pro se prisoner] at the summary judgment phase of the proceedings."  See Brooks v. Kyler, 204 F.3d 102, 108 n.7 (3d Cir. 2000) (quotation marks and alterations omitted).  Accordingly, we will vacate the grant of summary judgment as to this retaliation claim against Officer Long.

We will also vacate the grant of summary judgment as to Preacher's Eighth Amendment claim relating to Officer Long's alleged meal tampering.  In order to survive summary judgment as to this claim, Preacher was required to put forth evidence from which it could be inferred that he suffered (1) a deprivation that is "objectively, sufficiently serious" such that it "result[s] in the denial of 'the minimal civilized measure of life's necessities'" and (2) "deliberate indifference" on the part of Officer Long to "inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quotation marks omitted); see also Ramos v. Lamm, 639 F.2d 559, 570–71 (10th Cir. 1980) (stating, in the context of the Eighth Amendment, that the state must provide an inmate with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.").  The District Court granted summary judgment on this claim based on its conclusion that "Preacher has produced no evidence that any Defendant was responsible

5

for or had knowledge of" metal objects being placed on his meal tray. Op. 11, ECF No. 123. In light of Preacher's representation above about Officer Long's threatening comment, however, Preacher created a genuine issue for trial. Therefore, we will vacate the grant of summary judgment as to this Eighth Amendment claim as well.

Relatedly, the District Court also granted summary judgment as to Preacher's claims that a number of additional defendants failed to protect him from Officer Long's alleged misconduct. Those defendants are Boddorf, Termine, Barnes, Smalls, Heffernan, Culver, and Mongelluzo. The District Court entered judgment in their favor based entirely on its ruling that Preacher's First and Eighth Amendment claims against Officer Long failed. Op. 23, ECF No. 123. Because we are vacating the judgment on these claims as to Officer Long, we will likewise do so as to these defendants for the claims associated with the food-tampering incident.[2]

B.

Preacher also claimed that, on March 25, 2016, Corrections Officer Culver threatened and sexually harassed him in retaliation for his filing grievances. Br. 28, ECF No. 21. The District Court did not address the claim, stating that it could "discern no claims or allegations that any of them [including Officer Culver] were personally involved in the alleged wrongs during this timeframe." Op. 19, ECF No. 123. However, while Preacher certainly could have stated the claim more clearly, we are satisfied that he

---

[2] On remand, the District Court may consider the Appellees' arguments that the additional defendants cannot be held liable under the First or Eighth Amendments for Officer Long's alleged misconduct.

6

did adequately present a retaliation claim against Officer Culver. See Am. Compl. ¶¶ 90–91, 109; Resp. in Opp. to SJ 48. Therefore, we will vacate the District Court's judgment as to this claim so that it can address it in the first instance.[3]

## C.

As for Preacher's remaining points of error on appeal, we have carefully reviewed the record and agree with the District Court that, for substantially the reasons it provided, the defendants were entitled to summary judgment on Preacher's other claims. We need not repeat the District Court's thorough analysis and only briefly address Preacher's arguments here.

First, Preacher claimed that Nurse Hill violated his Eighth Amendment rights by providing inadequate medical care after the March 28, 2016 food incident. Preacher acknowledged that Nurse Hill cleaned his wounds and examined his injuries but asserted that she also should have prescribed him pain medication and antibiotics. These alleged omissions, however, do not support a showing that Nurse Hill was deliberately indifferent to a serious medical need; rather, to survive summary judgment, Preacher was required to present evidence that Nurse Hill intentionally refused to provide care, delayed care for non-medical reasons, denied prescribed medical treatment, or denied reasonable requests for treatment. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); Pearson v. Prison

---

[3] We express no opinion about the merits of these claims.

7

Health Serv., 850 F.3d 526, 538 (3d Cir. 2017) (explaining that nurse's negligent treatment of prisoner's pain was not enough for the jury to find that she acted with deliberate indifference in violation of the Eighth Amendment). He failed to do so. Therefore, the District Court correctly concluded that Preacher had not met his burden.

The District Court also correctly concluded that the summary judgment record did not support Preacher's First Amendment retaliation claims against Food Service Instructor Whisner, Food Service Manager Dittman, or Food Service Supervisor Holloway. Preacher asserted that these defendants conspired to issue a false misconduct charge against him in retaliation for his religious practices and prior grievances. The misconduct charge—in which Whisner alleged that Preacher had sexually harassed her— resulted in Preacher losing his job in the dietary department and being placed in the Restrictive Housing Unit.

The District Court correctly concluded that Preacher could not withstand summary judgment on this claim because he did not provide any evidence to support an inference that Whisner issued the misconduct out of religious animus or in response to any prior grievance. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (explaining that to succeed on a retaliation claim in this context, the prisoner must establish a causal link between the constitutionally protected conduct and the retaliatory action). While Preacher cited in his declaration instances where defendants Dittman and Holloway exhibited anti-religious animus, those defendants did not issue the misconduct charge (or take any other identified adverse action against him), and Preacher did not present anything more than unsupported speculation that Whisner conspired with them when she

8

issued the misconduct charge.  See Parkway Garage, Inc. v. City of Phila., 5 F.3d 685, 700 (3d Cir. 1993) (explaining that in order to demonstrate a conspiracy, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right"); see also Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010) ("[T]o properly plead an unconstitutional conspiracy [under § 1983], a plaintiff must assert facts from which a conspiratorial agreement can be inferred.").

Lastly, Preacher challenges the District Court's determination that he did not exhaust his Eighth Amendment excessive force claims against Officer Long and Sergeant Frederickson.  Preacher acknowledges that he did not properly exhaust these claims but contends that he chose not to do so "out of fear for his safety and life."  Br. 30, ECF No. 21.  However, he did not raise this argument in the District Court, and we will not consider arguments raised for the first time on appeal.  See Tri-M Grp., LLC v. Sharp, 638 F.3d 406, 416 (3d Cir. 2011).  Moreover, although we have recognized that "serious threats of retaliation and bodily harm" may render a prison grievance process unavailable, see Rinaldi v. United States, 904 F.3d 257, 267 (3d Cir. 2018), the fact that Preacher pursued initial grievances against Officer Long and Sergeant Frederickson—and then filed roughly thirty more grievances after these were denied—belies his contention that he was too fearful to use the grievance system.[4]

IV.

---

[4] Preacher's alleged fear for his safety does not excuse his failure to exhaust his claims against other defendants.

9

For these reasons, we will vacate in part the District Court's judgment and remand the matter for the court to consider: (1) Preacher's First Amendment retaliation claim relating to the March 28, 2016 food incident against Long, Boddorf, Termine, Barnes, Smalls, Heffernan, Culver, and Mongelluzo; (2) Preacher's Eighth Amendment conditions-of-confinement claim relating to the same incident against the same defendants; and (3) Preacher's First Amendment retaliation claim against Culver relating primarily to the incident that took place on March 25, 2016.  We will otherwise affirm.